DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, John Baker, appeals from the decision of the Summit County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
 {¶ 2} Defendant was indicted on June 13, 2002, for two counts of aggravated vehicular homicide, in violation of R.C. 2903.06(A), two counts of involuntary manslaughter, in violation of R.C. 2903.04(B), one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), one count of driving while under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1), and one count of driving outside the lanes of travel/weaving, a violation of R.C. 4511.25.
 {¶ 3} On November 13, 2002, Defendant pled guilty to two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of driving while under the influence of alcohol. The remaining charges were dismissed. On December 16, 2002, Defendant was sentenced to eight years in prison on each of the first two counts of aggravated vehicular homicide, two years on count five, aggravated vehicular assault; and six months in the Summit County Jail on count six, driving while under the influence of alcohol or drugs. The time imposed on counts one, two and six was to be served concurrently, consecutive to the time imposed on count five.
 {¶ 4} On April 2, 2004, Defendant filed a motion to withdraw his guilty plea and requested an evidentiary hearing on that motion. On August 30, 2004, the Summit County Court of Common Pleas denied Defendant's motion to withdraw his guilty plea and held that he was not entitled to an evidentiary hearing. Defendant appeals, raising two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion by denying [Defendant's] Motion to Withdraw his Plea where the evidence showed the plea was not voluntary, knowing, and intelligent and there is reasonable probability that but for the ineffective assistance of counsel he would not have pled guilty."
 {¶ 5} In his first assignment of error, Defendant maintains that the trial court erred in denying his motion to withdraw his guilty plea since he entered that plea involuntarily and unknowingly, and he would have not entered a guilty plea but for the ineffective assistance he received from his counsel. We find Defendant's contentions meritless.
 {¶ 6} It is within the trial court's sound discretion to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed. State v. Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, at 3, citing State v. Xie (1992),62 Ohio St.3d 521, 527. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Crim.R. 32.1 dictates when a motion to withdraw a guilty plea or no contest plea may be made. It provides that the motion "may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.
 {¶ 8} A defendant does not have an absolute right to withdraw his guilty plea. Xie, 62 Ohio St.3d 521, at paragraph one of the syllabus. Pursuant to Crim.R. 32.1, a post-sentence motion to withdraw a guilty plea must demonstrate a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. The defendant has the burden of establishing the existence of manifest injustice. State v.Gegia, 157 Ohio App.3d 112, 2004-Ohio-2124, at ¶ 8.
 {¶ 9} Defendant argues that manifest injustice had occurred because he was not functioning at an intelligence level high enough to understand what he was doing when he entered his guilty plea, the court did not follow the requirements of Crim.R. 11, and he received ineffective assistance of counsel.
 {¶ 10} In determining whether a guilty plea was entered into voluntarily, intelligently, and knowingly, we look to the totality of the circumstances. State v. Nero (1990), 56 Ohio St.3d 106, 108. A guilty plea must be `"a voluntary and intelligent choice among the alternative courses of action open to the defendant."' State v. Sims (May 24, 1995), 9th Dist. Nos. 16841 and 16936, at 3, quoting North Carolina v. Alford
(1970), 400 U.S. 25, 31, 27 L.Ed.2d 162. Crim.R. 11 requires a meaningful dialogue between the court and the defendant to insure that the defendant entered his guilty plea both knowingly and intelligently. State v. Engle
(1996), 74 Ohio St.3d 525, 527. The Ohio Supreme Court has held that:
"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." State v. Piacella
(1971), 27 Ohio St.2d 92, at syllabus.
 {¶ 11} In this case, the evidence on record indicates that Defendant entered his guilty plea both knowingly and voluntarily. The trial court conducted a hearing in which the judge questioned Defendant about his guilty plea, his understanding of such plea, and the other options that were open to him.
"THE COURT: And I trust you know you have a right to a jury trial in this matter?
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: And if you had a jury trial, the prosecution would have a right to go ahead on all the charges against you.
"THE DEFENDANT: Yes. * * *
"THE COURT: The prosecution would have to bring witnesses in open court. They would have to testify under oath. You would have a right to cross-examine those witnesses. Certainly your lawyer can do that for you.
"You have a right to testify or not testify at that jury trial.
"And you would have a right to have witnesses come to court on your behalf and testify. Your lawyer could subpoena people and have them testify.
"A jury — if you had that jury trial, the jury would hear all the evidence, make a decision whether there is proof beyond a reasonable doubt as to each and every essential element of each offense. So the prosecution would then present the testimony. The jury would have to decide whether there is proof beyond a reasonable doubt as to each element of each offense. It would be a separate consideration for each offense.
"Clear enough to you?
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: You give up all those rights by pleading guilty this afternoon.
"THE DEFENDANT: Yes, sir."
 {¶ 12} In exchange for entering his guilty plea, the State dismissed four counts of the indictment. Defendant entered a plea of guilty to counts one and two of the indictment: two counts of aggravated vehicular homicide, felonies of the second degree. He also pled guilty to aggravated vehicular assault, a third degree felony, and to driving while under the influence of alcohol or drugs, a misdemeanor of the first degree. The State agreed to drop counts three and four, both of which were for involuntary manslaughter, third degree felonies, one count of driving under the influence of alcohol or drugs, and the final count on his indictment, lanes of traffic. The Court went over each count of Defendant's indictment with him and he answered that he wanted to plead guilty to each of the above offenses.
"THE COURT: And you make each of these pleas voluntarily, intelligently, and knowingly, sir?
"THE DEFENDANT: Yes, sir."
 {¶ 13} The above evidence shows that Defendant was not coerced into entering his guilty plea. Defendant's counsel was present at the time of his plea. Further, Defendant's counsel's advice was competent under the circumstances, in light of the fact that in exchange for entering a guilty plea the State agreed to drop four counts of Defendant's eight count indictment. The court explained to Defendant the possible sentences for each count of the indictment and that he possibly would be facing a lesser penalty by entering a guilty plea since four counts against him would be dropped. Defendant claims that his intelligence level precluded him from understanding the proceedings, however, no evidence was introduced to support his assertions. From reviewing the transcript, Defendant was responsive to questioning and he stated on more than one occasion that he understood the proceedings. Therefore, we find that Defendant's choice to enter a guilty plea was a voluntary and intelligent decision among the alternative courses of action open to him. See Sims,
supra, at 3.
 {¶ 14} Defendant next argues that his "guilty plea was not voluntary, knowing, and intelligent because the trial court abused its discretion by not complying with Crim.R. 11." Specifically, Defendant claims that the trial court abused its discretion in failing to inform him that he was facing a mandatory prison term or that he was not eligible for community control. We disagree.
 {¶ 15} The issue of mandatory prison terms was specifically addressed at Defendant's sentencing hearing:
"MR. GRUESCHOW [Defendant's attorney]: I have advised my client of all his rights and consequences of the pleas, including the mandatory prison sentences involved.
"* * *
"THE COURT: I think there is a mandatory fine * * * I have to impose that fine. * * * I think I must impose a prison sentence.
"MR. GRUESCHOW: That's correct, Your Honor. It is [a] mandatory prison sentence. * * *
"THE COURT [to the Defendant]: Do you feel you understand what the prosecutor said and what I have said? * * *
"DEFENDANT: Yes, Your Honor."
Defendant's counsel twice stated that a mandatory prison sentence was involved and the trial court confirmed that before Defendant stated that he understood. Accordingly, Defendant's assertions that he was unaware that mandatory prison time was involved are not credible.
 {¶ 16} The trial court did not specifically inform Defendant that he was not eligible for community control. Crim.R. 11(C)(2) states:
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and * * *
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation[.]"
 {¶ 17} While literal compliance with Crim.R. 11 is the favored practice, the fact that the trial judge did not do so does not require vacating Defendant's guilty plea, so long as the trial court substantially complied with the Crim.R. 11 requirements. State v.Anderson (1995), 108 Ohio App.3d 5, at 9. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."Nero, 56 Ohio St.3d at 108.
 {¶ 18} Further, a defendant must also demonstrate that he or she was prejudiced by the trial court's failure to adhere to Crim.R. 11. State v.Stewart (1977), 51 Ohio St.2d 86, 93. "The test is whether the plea would have otherwise been made." Nero, 56 Ohio St.3d at 108. Consequently, substantial compliance is accomplished "[w]here the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a)[.]" Nero, 56 Ohio St.3d 106, at syllabus.
 {¶ 19} Viewing the totality of the circumstances, we find that even though the trial court did not specifically inform Defendant that he was not eligible for community control, it substantially complied with the requirements of CrimR. 11(C)(2)(a). Defendant's counsel told the court that Defendant understood the consequences of the pleas, including the mandatory prison sentences involved. The trial court then engaged in a discussion with Defendant about his decision to enter a guilty plea. The court then informed Defendant of the prison time for each of his offenses and stated that each would be in yearly increments. There is no place in the record that indicates that Defendant could have thought that he would be eligible for community control. It is clear from the record that Defendant was made aware that he would be serving mandatory prison sentences. Defendant told the court that he had understood what he had been told and he understood the consequences of his guilty plea.
 {¶ 20} We find that the totality of the circumstances indicate that Defendant knew that he was ineligible for community control. Furthermore, Defendant has not explained how the trial court's failure to inform him of his ineligibility for community control prejudiced him. SeeState v. Wheeland, 9th Dist. No. 21000, 2002-Ohio-6292, at ¶ 10-11;State v. Smith, 8th Dist. No. 83395, 2004-Ohio-1796, at ¶ 8-12. Thus, we find that the trial court substantially complied with the requirements of Crim.R. 11.
 {¶ 21} Finally, Defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because he had received ineffective assistance of counsel. We disagree.
 {¶ 22} This court employs a two step process in determining whether a defendant's right to effective assistance of counsel has been violated.Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." (Citations omitted.) State v. Calhoun (1999), 86 Ohio St.3d 279, 289. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." (Citations omitted.) Id. Second, the defendant must show that the deficient performance of counsel prejudiced the defense.State v. Bradley (1989) 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id. at paragraph three of the syllabus.
 {¶ 23} We find that defendant has failed to show that prejudice resulted from trial counsel's acts. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Debatable trial strategies do not constitute ineffective assistance of counsel. See State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17-20.
 {¶ 24} In this case, Defendant alleges that his counsel had promised him that he would received community control in lieu of a prison sentence and his counsel failed to inform him that he was facing a mandatory prison term. As noted in the discussion above, we find that Defendant was aware that he was facing a mandatory prison term and that he was not entitled to community control. Defendant's counsel told the court that he had discussed with Defendant the consequences of entering a guilty plea and the other possibilities open to him. Defendant's guilty plea was a sound decision in light of the fact that the State had agreed to drop four of the charges against Defendant in exchange for his guilty plea. We do not find that Defendant has shown that he was prejudiced by his counsel's actions. Based on the facts and circumstances of the instant case, we find that counsel's challenged conduct was reasonable. See Statev. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 49. See, also,Bradley, 42 Ohio St.3d at 142-143.
 {¶ 25} In conclusion, we find that Defendant entered his guilty plea knowingly, intelligently and voluntarily. The trial court engaged in a meaningful discussion with the Defendant and informed him of his choices and the consequences of entering a guilty plea, including that he was entitled to a jury trial, to have witnesses testify on his behalf and his right to cross examine opposing witnesses. Defendant was not specifically told that he was ineligible for community control. However, we find that the trial court substantially complied with the requirements of Crim.R. 11, and nothing in the record indicated that Defendant reasonably believed that he was entitled to community control. Finally, Defendant was not prejudiced by his trial counsel's advice to enter a guilty plea. Under the circumstances of the instant case, Defendant did not show that he was prejudiced by his counsel's actions. Therefore, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion when it denied [Defendant's] Motion to Withdraw his Plea without conducting an evidentiary hearing."
 {¶ 26} In his second assignment of error, Defendant claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea without conducting an evidentiary hearing on the matter. We disagree.
 {¶ 27} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201, 204. As mentioned above, a post-sentence motion to withdraw a guilty plea will only be granted if the defendant can establish a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus; Crim.R. 32.1. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe." State v.Caraballo (1985), 17 Ohio St.3d 66, 67.
 {¶ 28} We determined above that no manifest injustice had occurred. Since it was clear that denial of Defendant's motion to withdraw his guilty plea was warranted, the trial court was not required to hold a hearing on the matter. State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, at ¶ 51. See, also, Xie 62 Ohio St.3d at 527. Therefore, we find Defendant's second assignment of error not well taken.
 {¶ 29} Defendant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Moore, J. concur.