DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant appeals his conviction and sentence in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On June 13, 2006, Defendant was indicted on five counts of trafficking in drugs, in violation of R.C. § 2925.03(A)(2), felonies of the first degree; two counts of trafficking in drugs, in violation of R.C. § 2925.03(A)(2), felonies of the second degree; and one count of illegal manufacturing of drugs, in violation of R.C. § 2925.04(A), a third degree felony. Defendant initially pled not guilty to all of the counts of the indictment but on October 5, 2006, Defendant entered into a plea agreement pleading guilty to counts one through five of the *Page 2 
indictment, trafficking in drugs, in violation of R.C. 2925.03(A)(2), first degree felonies. All other counts were dismissed. Defendant signed a plea agreement and on October 6, 2006, the trial court conducted a plea hearing, accepted Defendant's plea, and found him guilty. Defendant was sentenced on November 21, 2006, to five years of incarceration on each count to be served concurrently and five years of post-release control.
 {¶ 3} Defendant timely appealed the trial court's acceptance of his plea and subsequent conviction and sentence raising two assignments of error.
 Assignment of Error No. 1 "The trial court erred, in contravention to Defendant's rights to due process under the 14th Amendment to the Constitution of the United States (Appx.9), and under Article I, Section 16
of the Ohio Constitution (Appx.5), in failing to substantially comply with the provisions of Crim.R. 11(C) (Appx. 6, p. 8) in accepting Defendant's plea of guilty, but not properly advising him of post-release controls."
 Assignment of Error No. 2 "The trial court erred, in contravention to Defendant's rights to due process and to confront and cross-examine his accusers under the 6th and 14th Amendments to the Constitution of the United States (Appx. 8 and Appx. 9, respectively), and under Article I, Section 10 of the Ohio Constitution (Appx.4), in failing to strictly comply with the provisions of Crim.R. 11(C) (Appx. 6, p. 8) in accepting Defendant's plea of guilty, by not properly advising him of his confrontation rights."
 {¶ 4} Defendant asserts that the trial court failed to substantially comply with Crim.R. 11(C) by failing to advise him of his mandatory five-year term of post-release control prior to accepting his plea. Defendant asserts that a notation *Page 3 
in the plea agreement is not sufficient. Moreover, even if it were, the notation in the plea agreement at issue in this case is erroneous in that it indicates that Defendant "could" be subject to a term of up to five years of post-release control, when, in fact, the five year term is statutorily mandated. Defendant further asserts that the trial court failed to strictly comply with Crim.R. 11(C) when it failed to advise him of his right to confront witnesses prior to accepting his plea.
 {¶ 5} The Supreme Court of Ohio addressed the nature of the rights enumerated in Crim.R. 11 in State v. Ballard (1981), 66 Ohio St.2d 473. The Ballard court determined that the right to compulsory process, along with the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers, is a constitutional right, of which a defendant must be informed by the trial court.State v. Anderson (1995), 108 Ohio App.3d 5, 8.
 {¶ 6} Crim.R. 11(C) governs the acceptance of guilty pleas in felony cases, stating in pertinent part that:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or a plea of no contest without first addressing the defendant personally and * * *:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]
 * *
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, *Page 4 
and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself"
 {¶ 7} "`Before accepting a guilty plea, the trial court is required to inform the defendant that by pleading guilty, he is waiving the constitutional and non-constitutional rights enumerated in Crim.R. 11(C)(2).'" Anderson, 108 Ohio App.3d at 8, quoting State v.Abuhilwa (Mar. 29, 1995), 9th Dist. No. 16787, at 3, citing State v.Cogar (Oct. 20, 1993), 9th Dist. No. 16234, at 2-3. "The Supreme Court of Ohio has established two separate standards of review with respect to constitutional and nonconstitutional rights in determining whether a trial court has satisfied its duty to inform." Anderson,108 Ohio App.3d at 8, citing Abuhilwa, 9th Dist. No. 16787, at 3.
 {¶ 8} In Anderson, we held:
 "`With respect to constitutional rights, the trial court's acceptance of a guilty plea will be affirmed if the court engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant.' State v. Ballard (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph two of the syllabus. Failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his constitutional rights related to trial is not grounds for vacating a plea so long as the above standard is met. Id. However, it has been strongly recommended by the Supreme Court of Ohio that trial courts use the language in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows he is waiving it by pleading guilty. Id., 66 Ohio St.2d at 479, 20 O.O.3d at 400-401, 423 N.E.2d at 119. Complete failure to inform a defendant of the safeguards required by Crim.R. 11 is prejudicial and may provide grounds for vacating the plea. State v. Luhrs (1990), 69 Ohio App.3d 731, 735, 591 N.E.2d 1251, 1253. *Page 5 
 "If nonconstitutional rights are involved, the trial court's acceptance of a guilty plea will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11(C)(2) and the defendant subjectively understood the implications of his plea and the nature of the nonconstitutional rights he was waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476-477." Anderson, 108 Ohio App.3d at 9.
 {¶ 9} "Substantial compliance is accomplished `[w]here the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)[.]'" State v. Baker, 9th Dist. No. 22293,2005-Ohio-991, at ¶ 18, quoting Nero, 56 Ohio St.3d at syllabus.
 {¶ 10} Defendant claims that the trial court failed to comply with Crim.R. 11(C) in two ways. Specifically, appellant contends that he was not advised that he was forfeiting his rights to confront witnesses and that he would be subject to a five year term of post-release control.
 {¶ 11} A review of the record, including the transcript of the plea proceedings discussed above, indicates that Defendant was, in fact, advised of his right to confront witnesses and of his mandatory term of post-release control, and of the effect his pleas would have on his rights, by the trial court. Prior to accepting his guilty pleas, the trial court personally addressed Defendant, inquiring whether he understood the nature of the charges to which he was pleading and the rights to which he was entitled. Before acceptance of the guilty pleas, the following dialogue took place vis-à-vis Defendant's right to confront witnesses: *Page 6 
 "The Court: Your attorney would challenge the State's evidence. Typically, he'd do that by questioning the witnesses the State would bring, and he could also subpoena witnesses too, requiring them to come to court to testify on your behalf.
 "Of course it would be the State's burden to prove the elements of each one of these charges beyond a reasonable doubt if you were to have a trial.
 "Do you understand those basic rights?
 "The Defendant: Yes.
 "The Court: In fact, do you want to give up those rights today?
 "The Defendant: Yes."
 {¶ 12} The written plea agreement also explains Defendant's right to confront witnesses, stating that:
 "4. I have been informed by my attorney and by the Judge that by pleading guilty, I waive he following Constitutional rights, and I understand these rights and it is my intention to waive them:
 * * * "[b] My right to confront and cross-examine the witnesses against me."
 {¶ 13} "The standard of review enunciated in Ballard does not require that the trial court use the exact language contained in Crim.R. 11(C), when the trial court explains the defendant's constitutional rights in a manner reasonably intelligible to the defendant." Anderson,108 Ohio App.3d at 11, citing Ballard, 66 Ohio St.2d at paragraph two of the syllabus. We believe this requirement was satisfied in the instant case. *Page 7 
 {¶ 14} With regard to the mandatory term of post-release control, we hold that Defendant subjectively understood the implications of his plea and the nature of the non-constitutional rights he was waiving despite the fact that the court did not advise him at the plea hearing of the mandatory term of post release control. See Nero, 56 Ohio St.3d at 108. Defendant signed a plea agreement, which stated:
 "2. I have been informed that if I am imprisoned, after my release from prison I * * * Will be supervised under post-release control, R.C. 2967.28, which could last up to 5 years."
 {¶ 15} While we agree that orally notifying a Defendant of his term of post-release control is the preferred approach to complying with Crim.R. 11(C), Defendant has pointed this Court to no binding authority that requires a court to engage in a colloquy, during a plea hearing, to substantially comply with Crim.R. 11(C) in the context of post-release control where it is otherwise demonstrated that Defendant was aware of his mandatory term of post-release control. Nor has Defendant established that he was in any way prejudiced by the trial court's failure to engage in such colloquy. Indeed, the Ohio Supreme Court discussed this issue vis-à-vis eligibility for probation, inNero:
 "[T]he record below supports the conclusion that Nero knew that he was not eligible for probation. If so, he was not prejudiced by the trial court's failure to literally adhere to Crim.R. 11." Nero, 56 Ohio St.3d at 108.
 {¶ 16} Consequently, the Court held: *Page 8 
 "Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to company with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11." Nero, 56 Ohio St.3d at the syllabus.
 {¶ 17} As discussed above, the signed plea agreement demonstrates that Defendant knew he would subject to a mandatory term of post-release control of up to five years and as noted by Appellant, a five-year term of post-release control is required pursuant to R.C. 2967.28(B)(1). R.C. 2967.28(B)further states:
 "If a court imposes a sentence including a prison term of a type described in this division * * * the failure of a sentencing court to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division."
 {¶ 18} Based on the foregoing, Defendant was not prejudiced by the trial court's failure to orally notify him of the five-year term at the plea hearing. That the form used by the trial court provided a mandatory term of post-release control "up" to five years when the five-year term is mandatory is of no import inasmuch as Defendant was notified of the maximum term that he could receive. See Crim.R. 11(C)(2)(a). The use of the word "up" does not negate the fact that Defendant knew he would receive a mandatory term of post-release control that could be five years in length and, in fact, was five years in length. See State exrel. v. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 26 (holding that trial *Page 9 
court properly notified defendant of post-release control even where the trial court misstated the mandatory term of post-release control to Defendant during his plea hearing); Watkins v. Collins,111 Ohio St.3d 425, 2006-Ohio-5082, at ¶ 50 (finding notice of post-release control during sentencing sufficient where post-release control was mandatory and entry contained some discretionary language).
 {¶ 19} We hold that the trial court substantially complied with Crim.R. 11(C) in accepting Defendant's plea. Both of Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
BAIRD, J. CONCURS