DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, William Gordon, appeals from the judgment of the Wayne County Court of Common Pleas which accepted his guilty plea and sentenced him accordingly. This Court reverses.
 I {¶ 2} On January 29, 2007, Gordon was indicted on one count of aggravated robbery in violation of R.C. 2911.01 with a gun specification and one count of failure to comply with an order of a police officer in violation of R.C. 2921.331. Gordon initially pled not guilty to the charges in the indictment. On May 2, 2007, Gordon appeared in court and changed his plea to guilty on each *Page 2 
count in the indictment. On June 13, 2007, the trial court held a sentencing hearing. On July 24, 2007, the trial court entered its sentencing judgment entry, sentencing Gordon to an aggregate term of eleven years in prison and post-release control thereafter. Gordon timely appealed the acceptance of his guilty plea, raising two assignments of error for review.
 II ASSIGNMENT OF ERROR I "MR. GORDON'S CHANGE OF PLEA WAS NOT KNOWING AND VOLUNTARY UNDER CRIM.R. 11, BECAUSE THE TRIAL COURT DID NOT INFORM HIM PRIOR TO ACCEPTING HIS PLEA OF POSSIBLE EXTENSIONS OF HIS PRISON TERM, AS REQUIRED BY R.C. 2943.032."
 {¶ 3} In his first assignment of error, Gordon argues that the trial court failed to substantially comply with Crim.R. 11. Specifically, Gordon asserts that he was never informed of the provisions contained in R.C. 2943.032. This Court agrees.
 {¶ 4} Crim.R. 11(C) governs the acceptance of guilty pleas in felony cases and states as follows:
 "(2) In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and * * *:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" *Page 3 
"The Supreme Court of Ohio has established two separate standards of review with respect to constitutional and nonconstitutional rights in determining whether a trial court has satisfied its [Crim.R. 11 duty]."State v. Anderson (1995), 108 Ohio App.3d 5, 8-9 (detailing the distinct standards of review). In Anderson, we noted as follows:
 "If nonconstitutional rights are involved, the trial court's acceptance of a guilty plea will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11(C)(2) and the defendant subjectively understood the implications of his plea and the nature of the nonconstitutional rights he was waiving." Id., quoting State v. Nero (1990), 56 Ohio St.3d 106, 108.
In the instant matter, Gordon challenges whether the trial court properly informed him of his nonconstitutional rights. Consequently, we must determine whether the trial court substantially complied with Crim.R. 11.
 {¶ 5} R.C. 2943.032(E) contains the nonconstitutional right at issue herein:
 "Prior to accepting a guilty plea * * * to an indictment * * * that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty * * * to the felony so charged * * * and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 "(E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months."
Terms of post-release control are part of a defendant's actual sentence. See Woods v. Telb (2000), 89 Ohio St.3d 504. In Woods, the Ohio Supreme Court held that "a *Page 4 
trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence." Id. at 513. "As part of the sentence, post-release control is a fortiori intertwined with the requirements of Crim.R. 11(C)(2)(a)[.]" (Internal alterations omitted.) State v. Gulley, 1st Dist. No. C-040675,2005-Ohio-4592, at ¶ 14 (overruled on other grounds), quoting State v.Madaris, 156 Ohio App.3d 211, 2004-Ohio-653, at ¶ 17.
 {¶ 6} In the past, this Court found substantial compliance when a written plea agreement placed the defendant on notice of the terms of his post-release control. See State v. Bublitz, 9th Dist. No. 23547,2007-Ohio-5029 ("we hold that Defendant subjectively understood the implications of his plea and the nature of the non-constitutional rights he was waiving despite the fact that the court did not advise him at the plea hearing of the mandatory term of post release control"). In an analogous matter, the Ohio Supreme Court determined that a trial court had substantially complied with its duty to inform regarding probation "[w]here the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)[.]" State v. Baker, 9th Dist. No. 22293, 2005-Ohio-991, at ¶ 18, quoting Nero, 56 Ohio St.3d at syllabus.
 {¶ 7} Unlike Nero or Bublitz, there is nothing in the trial court record to suggest that Gordon knew of his term of post-release control or the consequences of violating that term. The trial court did not mention post-release control in any *Page 5 
manner during the plea colloquy. Moreover, there was no written plea agreement referencing post-release control. Consequently, the trial court failed to substantially comply with Crim.R. 11. See, e.g.,Gulley, supra. Furthermore, as the trial court wholly failed to inform Gordon of post-release control, Gordon need not make a further demonstration of prejudice. See State v. Delventhal, 8th Dist. No. 81034, 2003-Ohio-1503, at ¶ 8 ("Where the judge is required to inform the defendant personally and entirely fails to do so there is no further need to determine whether prejudice occurred, and this rule is not limited only to warnings that are constitutionally required.").
 {¶ 8} Gordon's first assignment of error has merit.
 ASSIGNMENT OF ERROR II "THE SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT PERSONALLY INFORM MR. GORDON OF POSSIBLE PAROLE BOARD EXTENSIONS OF HIS PRISON TERM, NOR DID IT FULLY EXPLAIN THEM IN ITS JUDGMENT ENTRY, AS REQUIRED BY R.C. 2929.19(B)(3)."
 {¶ 9} In his second assignment of error, Gordon challenges his sentence. Based on this Court's resolution of Gordon's first assignment of error, his second assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
 III {¶ 10} Gordon's first assignment of error is sustained. Gordon's second assignment of error is moot and we decline to address it. The judgment of the *Page 6 
Wayne County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 CARR, P. J., DICKINSON, J., CONCUR *Page 1