DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Shuan Cleland was accused of breaking into his estranged wife's apartment, killing her boyfriend, and trying to make it look like a suicide. While represented by court-appointed counsel, Mr. Cleland entered a plea agreement with the State. Under the terms of the agreement, Mr. Cleland pleaded guilty to aggravated murder by prior calculation and design, kidnapping, and aggravated burglary. In exchange, the State agreed to recommend parole after 30 years of incarceration and dismissed four other murder charges. Prior to the sentencing *Page 2 
hearing, Mr. Cleland filed three motions to withdraw his guilty pleas. The trial court denied the motions without holding an evidentiary hearing.
 {¶ 2} Mr. Cleland has appealed, challenging the plea on various grounds under Rule 11 of the Ohio Rules of Criminal Procedure. He has argued that the trial court erred by failing to advise him of the effect of mandatory post-release control and of merger at his plea hearing; failing to determine that he was not under the influence of prescription medication at the time of his plea; and failing to grant an evidentiary hearing on his motion to withdraw his guilty plea. He has also argued that his appointed lawyers provided ineffective assistance that prevented him from entering a knowing, voluntary, and intelligent plea. This Court vacates his guilty pleas to each charge because the trial court failed to advise Mr. Cleland at the plea hearing of the mandatory terms of post-release control.
 FACTS {¶ 3} Shuan Cleland was indicted for the murder of his estranged wife's boyfriend. The indictment included five murder charges, an aggravated burglary charge, and a kidnapping charge. Mr. Cleland initially pleaded not guilty to all of the charges. After extensive discovery and multiple continuances, the parties reached a plea agreement.
 {¶ 4} The trial court held a change of plea hearing, at which the State moved to amend the indictment by dismissing all the murder charges except the first one (aggravated murder with prior calculation and design). The State *Page 3 
represented that, in exchange for the guilty pleas, it would recommend a sentence of life with parole eligibility at 30 years or consecutive sentences to equal 30 years. The court advised Mr. Cleland of his plea options and read each charge to which he proposed to plead guilty. The court also described the maximum penalty for each of those three charges. The court listed various constitutional rights Mr. Cleland would be waiving by entering a guilty plea. The court did not mention post-release control. The court was satisfied that Mr. Cleland understood his rights under Rule 11 of the Ohio Rules of Criminal Procedure as well as his constitutional rights and found the pleas to be knowingly, voluntarily, and intelligently made. The court accepted Mr. Cleland's guilty pleas to aggravated murder with prior calculation and design, aggravated burglary, and kidnapping; found him guilty of each of those charges; and scheduled sentencing for one month later.
 {¶ 5} Seven days before the sentencing hearing, Mr. Cleland wrote a letter to the judge asking to withdraw his guilty pleas and stating that he wanted to fire his court-appointed lawyers and hire a new lawyer. Another pre-sentence motion to withdraw the guilty plea was filed by Mr. Cleland's court-appointed lawyers and a third was filed by his new lawyer when he entered the case. Although the last motion was properly supported and the trial court scheduled a hearing on it, it denied the motion without holding that hearing. *Page 4 
 {¶ 6} The trial court subsequently sentenced Mr. Cleland to life imprisonment with parole eligibility after twenty-five years on the aggravated murder charge. It also sentenced him to three years in prison on each of the two lesser charges, with those two sentences running concurrently, but consecutively to the life term. Mr. Cleland has timely appealed.
 {¶ 7} Mr. Cleland has argued that his guilty pleas should not have been accepted by the trial court because they were not knowingly, voluntarily, and intelligently made. In support of this proposition, he has argued that the trial court erred by accepting his guilty pleas without first: (1) advising him that he would be subject to mandatory post-release control; (2) explaining the application of the doctrine of merger to multiple murder charges; and (3) determining Mr. Cleland was not under the influence of prescription medication at the time of the pleas. He has also argued that his trial counsel was ineffective in failing to move to suppress a taped confession and failing to advise him of the effect of merger. Finally, he has argued the trial court erred to his substantial prejudice by denying his motion to withdraw his guilty pleas without first holding an evidentiary hearing. For the sake of convenience, this Court has rearranged Mr. Cleland's assignments of error.
 MANDATORY POST-RELEASE CONTROL {¶ 8} Mr. Cleland has challenged the plea colloquy wherein he pleaded guilty to one count of aggravated murder, one count of aggravated burglary, and one count of kidnapping. He has argued that the trial court erred by accepting his *Page 5 
guilty pleas without first advising him that he would be subject to mandatory post-release control of five years on the first degree felony counts of aggravated burglary and kidnapping. The State has argued that, because the trial court properly advised Mr. Cleland of the possibility of life imprisonment without the possibility of parole for aggravated murder, the failure to advise him about post-release control for the two lesser charges was of no consequence. This is essentially an argument that, even if the court erred in accepting the plea under these circumstances, it did not prejudice Mr. Cleland.
 {¶ 9} A criminal plea must be entered knowingly, voluntarily, and intelligently. State v. Sarkozy, 117 Ohio St. 3d 86, 2008-Ohio-509, at ¶ 7. If it is not, enforcement of the plea is unconstitutional.Id. (citing State v. Engle, 74 Ohio St. 3d 525, 527 (1996)). This assignment of error deals with a right that is founded on Rule 11 of the Ohio Rules of Criminal Procedure. In evaluating whether a right was violated, strict compliance with Rule 11 is preferred, but will not be required, provided there was substantial compliance with the rule.State v. Nero, 56 Ohio St. 3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Furthermore, an error involving a nonconstitutional right "will not invalidate a plea unless the defendant thereby suffered prejudice." State v. Sarkozy, 117 Ohio St. 3d 86, 2008-Ohio-509
at ¶ 20 (quoting State v. Griggs, 103 Ohio St. 3d 85, 2004-Ohio-4415, at ¶ 12). *Page 6 
This requires a showing that, but for the error, the plea would not have been made. Id. Ordinarily, this Court must review the totality of the circumstances surrounding the guilty pleas to determine whether the defendant subjectively understood the effect of his pleas. Id.
 {¶ 10} Rule 11(C)(2)(a) of the Rules of Criminal Procedure requires that, in a felony case, before accepting a guilty plea, a trial court must address the defendant and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved. . . ." This Court has held that "[t]erms of post-release control are part of a defendant's actual sentence." State v. Gordon, 9th Dist. No. 07CA0055, 2008-Ohio-341, at ¶ 5 (citing Woods v. Telb, 89 Ohio St. 3d 504 (2000)). A plea is not voluntary if it is entered "[w]ithout an adequate explanation of post-release control from the trial court" because in that case, the defendant will be unable to "fully understand the consequences of his plea as required by [Rule 11(C) of the Ohio Rules of Criminal Procedure]." State v. Griffin, 8th Dist. No. 83724, 2004-Ohio-4344, at ¶ 13 (quoting State v. Jones, 8th Dist. No. 77657, 2001 WL 605406, at *2 (May 24, 2001)).
 {¶ 11} Mr. Cleland entered pleas of guilty to three charges during his plea hearing. Before taking the plea on each count, the trial court confirmed that he understood the nature of the charges against him. The trial court first advised him that a guilty plea to the charge of aggravated murder with prior calculation and *Page 7 
design would subject him to a potential sentence of life imprisonment without the possibility of parole. On the charge of aggravated burglary, the trial court read the charge to Mr. Cleland, then advised him that it "carries a possible prison sentence of three years up to ten years, in one year increments, and a fine up to but not exceeding $20,000." The trial court also read him the charge of kidnapping, stating that, "[t]his is also a felony of the first degree, [that] carr[ies] a prison sentence of three years up to ten years, in one year increments, and a fine up to but not exceeding $20,000." Next, the trial court asked Mr. Cleland: "Do you understand all three of those charges, do you also understand the possible penalty for all three of those charges?"
 {¶ 12} Mr. Cleland has correctly pointed out that two of the three charges to which he pleaded guilty, the aggravated burglary and kidnapping charges, as first degree felonies, carried mandatory five year terms of post-release control. R.C. 2967.28(B)(1). During the plea hearing, the trial court did not mention post-release control.
 {¶ 13} This Court has previously held that a trial court failed to substantially comply with Rule 11 of the Ohio Rules of Criminal Procedure because it did not mention applicable post-release control during a plea hearing and there was no written plea agreement referencing post-release control. State v. Gordon, 9th Dist. No. 07CA0055, 2008-Ohio-341, at ¶ 7. The Ohio Supreme Court has also recently held that, if a trial court accepts a plea without mentioning *Page 8 
post-release control to the defendant during the colloquy, it has failed to comply with Rule 11. State v. Sarkozy, 117 Ohio St. 3d 86,2008-Ohio-509, at ¶ 22.
 {¶ 14} As discussed above, the first degree felony charges carried a mandatory term of five years of post-release control under Section2967.28(B)(1) of the Ohio Revised Code. As the Court did not mention post-release control at all during the plea hearing, Mr. Cleland was also not informed by the court of the consequences of violating that sanction, including a return to prison. See R.C. 2943.032(E). When the trial court has not even mentioned post-release control at the plea hearing, this Court is obligated to vacate the plea without analyzing whether the defendant suffered prejudice from that failure.Sarkozy, 2008-Ohio-509, paragraph two of the syllabus. The question becomes, whether this remedy should be applied to all three pleas, or just to the two that were subject to mandatory post-release control.
 {¶ 15} Mr. Cleland pleaded guilty to the above two first degree felony charges as part of a larger plea agreement. The terms of that agreement called for Mr. Cleland to plead guilty to one count each of aggravated murder with prior calculation and design, aggravated burglary, and kidnapping. In return, the State agreed to recommend parole after 30 years. Ohio courts will generally apply contract law principles to issues involving plea agreements. State v. Bethel, 110 Ohio St. 3d 416,2006-Ohio-4853, at ¶ 50. For example, if, at the plea hearing, Mr. Cleland had refused to plead guilty to the aggravated burglary and kidnapping *Page 9 
charges, the entire plea agreement would have failed because of his material breach. Because the trial court neglected to inform him he would be subject to post-release control as part of his sentences on those charges, both parties return to the stage immediately before he entered the pleas and can again determine whether to enter a plea agreement. Mr. Cleland is not unlike a minor who performs under a voidable agreement. See Cassella v. Tiberio, 150 Ohio St. 27, 31-32
(1948). The trial court's failure to advise him about post-release control, in effect, rendered the plea agreement voidable at his option. Vacating his pleas to the aggravated burglary and kidnapping charges voids the entire plea agreement. Accordingly, his guilty plea to the aggravated murder charge must be vacated as well. Mr. Cleland's second assignment of error is sustained. Mr. Cleland's remaining assignments of error are moot.
 CONCLUSION {¶ 16} Mr. Cleland's guilty pleas to all three charges must be vacated because the trial court did not advise him, prior to accepting his guilty pleas, of the mandatory post-release control applicable to the two first degree felonies. Therefore, his plea agreement was voidable at his option. He has exercised that option, and all guilty pleas subject to that agreement must be vacated. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent this opinion. *Page 10 
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
WHITMORE, P. J. MOORE, J. CONCUR *Page 1