DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Kyle Phillips was charged with rape and kidnapping. He pleaded guilty as part of a plea bargain to attempted rape and abduction. During the plea hearing, the trial court did not inform Mr. Phillips that he would be subject to post-release control as part of his sentence. Mr. Phillips has appealed and argued that the trial court erred when it imposed the maximum prison sentence, failed to explain why it imposed that sentence, and did not advise him of the effect of mandatory post-release control before he entered his guilty pleas. This Court vacates his guilty pleas because the trial court failed to advise him at the plea hearing of the mandatory terms of post-release control.
 FACTS {¶ 2} Mr. Phillips was charged with rape and kidnapping. The facts of these offenses are not relevant to resolving Mr. Phillips' assignments of error. He reached a plea bargain with *Page 2 
the State and pleaded guilty to attempted rape and abduction. The trial court addressed Mr. Phillips and reviewed his rights with him under Rule 11 of the Ohio Rules of Criminal Procedure, except that the trial court did not tell him that he would be subject to a mandatory term of post-release control following his release from prison. The court was satisfied that Mr. Phillips understood his rights under Rule 11 as well as his constitutional rights and found the pleas to be knowingly, voluntarily, and intelligently entered. The court accepted his guilty pleas to attempted rape and abduction, found him guilty of each of those charges, and scheduled sentencing for a later date.
 {¶ 3} At the sentencing hearing, the trial court heard arguments from counsel, reviewed a presentence report, and heard from Mr. Phillips. It then imposed a sentence of eight years in prison, declared him to be a sexually oriented offender, and advised him that he would be subject to mandatory post-release control.
 {¶ 4} Several months later, Mr. Phillips moved pro se for leave to file a delayed appeal, and this Court granted his motion. The trial court appointed counsel to represent Mr. Phillips on appeal and the parties filed their briefs. Mr. Phillips then sought leave to file a supplemental brief to present this Court with a third assignment of error. This Court granted the motion and both parties filed supplemental briefs.
 MANDATORY POST-RELEASE CONTROL {¶ 5} Mr. Phillips' third assignment of error is that the trial court incorrectly accepted his guilty pleas without first advising him that he would be subject to mandatory post-release control. There is no dispute that Mr. Phillips is subject to post-release control.
 {¶ 6} The Ohio Supreme Court recently held that, if a trial court accepts a plea without mentioning post-release control to the defendant during the colloquy, it has failed to comply with *Page 3 
Rule 11 of the Ohio Rules of Criminal Procedure. State v. Sarkozy, 117 Ohio St. 3d 86, 2008-Ohio-509, at ¶ 22. This Court has also held that a trial court failed to substantially comply with Rule 11 of the Ohio Rules of Criminal Procedure because it did not inform the defendant about post-release control during a plea hearing. State v. Cleland, 9th Dist. No. 06CA0073-M, 2008-Ohio-1319, at ¶ 13. The Sarkozy remedy requires this Court to vacate Mr. Phillips' guilty pleas and to remand for further proceedings.
 {¶ 7} The State has presented two procedural arguments to avoid the result required by Sarkozy. First, the State has argued that Mr. Phillips forfeited this issue by failing to object during the plea colloquy. The Ohio Supreme Court specifically rejected this argument, concluding that the defendant could not raise the trial court's failure to advise him of post-release control in the plea colloquy until after sentencing, when he was first advised that he was subject to post-release control. Sarkozy, 2008-Ohio-509, at ¶ 18.
 {¶ 8} Second, the State has argued that the trial court's error was harmless. For purposes of this argument, to further support its position, the State proposed that it would waive any requirement that Mr. Phillips be supervised on post-release control. We need not decide whether the State's concession would make the trial court's error harmless because, when "the trial court has not even mentioned post-release control at the plea hearing, this Court is obligated to vacate the plea[s] without analyzing whether the defendant suffered prejudice from that failure." Cleland at ¶ 14 (quoting Sarkozy,2008-Ohio-509, at paragraph two of the syllabus). The State's second argument cannot avoid the Sarkozy remedy.
 {¶ 9} The trial court did not mention post-release control at the plea hearing. Accordingly, the trial court did not comply with Rule 11, and this Court must vacate the plea and remand the case to the trial court for further proceedings. Sarkozy, 2008-Ohio-509, at *Page 4 
paragraph two of the syllabus; Cleland, 2008-Ohio-1319, at ¶ 14. Mr. Phillips' third assignment of error is sustained. His first and second assignments of error, challenging his sentence, are moot.
 CONCLUSION {¶ 10} Mr. Phillips' guilty pleas must be vacated because the trial court did not advise him, prior to accepting his guilty pleas, of the mandatory post-release control applicable to the offenses. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellee. *Page 5 
 CARR, P. J., MOORE, J. CONCUR *Page 1