[Cite as *State v. Cleland*, 2012-Ohio-5016.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 12CA0018-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAUN M. CLELAND | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 05-CR-0492 |

DECISION AND JOURNAL ENTRY

Dated: October 29, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Shaun Cleland, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} On October 1, 2005, Cleland murdered his estranged wife, Christina Eichelberger's, live-in boyfriend and staged the murder scene to make it appear as if the victim, David Heinricht, had committed suicide. Specifically, he broke into Eichelberger and Heinricht's apartment, waited for Heinricht to arrive home, strangled him to death, placed a rope around his neck, and left a pre-prepared suicide note in his hand. Eichelberger found Heinricht's body when she returned home from work about an hour later. The police arrested Cleland at Cleveland-Hopkins Airport.

{¶3} Cleland originally pleaded guilty to aggravated murder with prior calculation and design, aggravated burglary, and kidnapping, but later sought to withdraw his plea. This Court

vacated Cleland's plea on appeal due to the fact that the trial court never informed him of his mandatory post-release control obligations. *State v. Cleland* ("*Cleland I*"), 9th Dist. No. 06CA0073-M, 2008-Ohio-1319, ¶ 16. On remand, the matter went to trial and a jury convicted Cleland of (1) aggravated murder with prior calculation and design, (2) aggravated murder with aggravated burglary as the predicate offense (felony murder), (3) aggravated murder with kidnapping as the predicate offense (felony murder), (4) two counts of murder, (5) aggravated burglary, and (6) kidnapping. The trial court determined that all of Cleland's aggravated murder and murder counts were allied offenses of similar import. The State elected to have Cleland sentenced on the count of aggravated murder with prior calculation and design. All of his other aggravated murder and murder counts were merged into that offense. The court then sentenced Cleland on the counts of aggravated murder with prior calculation and design, aggravated burglary, and kidnapping. Once again, Cleland appealed.

{¶4} After Cleland filed his appeal, but before this Court issued its decision, the Ohio Supreme Court decided *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Although we ultimately upheld Cleland's guilty verdicts, we declined to reach the merits of his argument that all of his offenses were allied offenses of similar import. *State v. Cleland* ("*Cleland II*"), 9th Dist. No. 09CA0070-M, 2011-Ohio-6786. Given that *Johnson* represented a dramatic shift in the law of allied offenses, we remanded the case to the trial court for it to apply *Johnson* in the first instance. *Id.* at ¶37-38.

{¶5} On remand, the trial court held a hearing at which it heard arguments on the allied offense issue. The court specifically found that Cleland's offenses for aggravated murder with prior calculation and design and aggravated burglary "were separately committed," such that Cleland could be sentenced on both of those counts. The court sentenced Cleland to life

imprisonment with the possibility of parole after thirty years on the aggravated murder count and five years on the aggravated burglary count. The court also ordered that the two sentences run consecutively.

{¶6}    Cleland now appeals from his convictions and raises one assignment of error for our review.

II

Assignment of Error

THE SENTENCING COURT, ON REMAND FROM THE APPELLATE COURT TO RE-SENTENCE THE DEFENDANT PURSUANT TO R.C. 2914.25 AND STATE V. JOHNSON, ERRED BY FAILING TO APPLY THE DOCTRINE OF MERGER OF ALLIED OFFENSES OF SIMILAR IMPORT TO THE CONDUCT OF THE DEFENDANT AS IT RELATED TO THE COUNTS OF AGGRAVATED BURGLARY AND AGGRAVATED MURDER AND RE-SENTENCED THE DEFENDANT TO A FIVE YEAR TERM OF INCARCERATION CONSECUTIVE TO THE THIRTY YEAR SENTENCE FOR THE COUNT OF AGGRAVATED MURDER.

{¶7}    In his sole assignment of error, Cleland argues that the trial court erred by convicting him of allied offenses of similar import. Specifically, he argues that his aggravated murder and aggravated burglary convictions should have merged for purposes of sentencing. We disagree.

{¶8}    Ohio's allied offense statute provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Thus, two or more offenses arising from the same conduct and similar import only may result in one conviction. R.C. 2941.25(A). Two or more offenses may result in

multiple convictions, however, if: (1) they are offenses of dissimilar import; (2) they are separately committed; or (3) the defendant possesses a separate animus as to each. R.C. 2941.25(B).

**{¶9}** "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. A plurality of the Ohio Supreme Court set forth a two-part test to analyze whether two offenses are allied offenses of similar import. First, one must determine whether the offenses at issue could be committed by the same conduct. *Id.* at ¶ 47. One does so by asking "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id.* at ¶ 48. *See also id.* at ¶ 66 (O'Connor, J., concurring.) (offenses are allied "when their elements align to such a degree that commission of one offense would probably result in the commission of the other offense"). Second, one must ask whether the offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., dissenting). If the answer to both inquiries is yes, the offenses will merge. *Johnson* at ¶ 50.

**{¶10}** To commit aggravated murder under R.C. 2903.01(A), one must "purposely, and with prior calculation and design, cause the death of another * * *." As applicable to this case, the aggravated burglary statute provides:

> No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another.

R.C. 2911.11(A)(1). Aggravated murder and aggravated burglary "are not prerequisites, one for the other. To consummate either offense, the other need not by definition be committed. Aggravated murder and aggravated burglary are never merely incidental to each other * * *." *State v. Moss*, 69 Ohio St.2d 515, 520 (1982). Accordingly, the Ohio Supreme Court has repeatedly held that the two offenses do not merge. *State v. Johnson*, 88 Ohio St.3d 95, 115 (2000); *State v. Reynolds*, 80 Ohio St.3d 670, 681 (1998); *Moss* at 520-521.

{¶11} Two offenses may result in multiple convictions if they are crimes of dissimilar import. R.C. 2941.25(B).

> The key to legislative intent from use of the words "allied offenses of similar import" in R.C. 2941.25(A), and "offenses of dissimilar import," in R.C. 2941.25(B), arises in great part from the word "import," which by dictionary definition would have reference to "allied offenses" of similar importance, consequence and signification intended from use of the word "import."

*State v. Baer*, 67 Ohio St.2d 220, 226 (1981). *See also* R.C. 2941.25, Legislative Service Commission Note (1973) (noting that an armed robber who robs a bank and purposely kills two victims in the commission of the offense can be convicted of both aggravated robbery and aggravated murder because they "are dissimilar offenses"). "[A]n individual may at the same time and in the same transaction commit several separate and distinct crimes and [] separate sentences may be imposed for each offense." *State v. Botta*, 27 Ohio St.2d 196, 202-203 (1971).

{¶12} The first prong of the allied offense test set forth in *Johnson* requires a reviewing court to question "whether it is possible to commit one offense and commit the other with the same conduct * * *." (Emphasis omitted.) *Johnson* at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.* The conduct here fails to satisfy the first prong of the *Johnson* test. It was not possible for the same conduct to result in

the commission of both Cleland's aggravated burglary and aggravated murder offenses. His conduct in breaking into Eichelberger and Heinricht's apartment was distinctly different from his conduct in calculating and purposely causing Heinricht's death by strangulation. The offenses were crimes of dissimilar import. R.C. 2941.25(B). *See also Moss*, 69 Ohio St.2d at 520. As such, the trial court did not err by refusing to merge them. Cleland's sole assignment of error is overruled.

### III

**{¶13}** Cleland's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

FRANK C. GASPER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.