DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Phillip M. Whatley, appeals from the denial of his motion for re-sentencing in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.
 I {¶ 2} On April 10, 1997, Whatley pled guilty to charges of aggravated burglary and voluntary manslaughter with a firearm specification. The trial court accepted Whatley's plea, but never notified Whatley that he would be subject to five years of mandatory post-release control. The court sentenced Whatley to a total of eighteen years in prison. On July 16, 1998, Whatley filed an unsuccessful delayed notice of appeal in this Court, arguing that his trial counsel was ineffective for allowing him to enter a guilty plea despite his continued claims of innocence.See State v. Whatley, 9th Dist. No. 19194. *Page 2 
 {¶ 3} On August 26, 1999, Whatley filed a petition for post-conviction relief ("PCR") in the trial court on the basis of newly discovered evidence pursuant to R.C. 2953.23(A)(1)-(2). According to Whatley, his counsel was ineffective because, unbeknownst to Whatley, he had spoken with Whatley's mother and lied to her about the severity of Whatley's potential sanction to make plea bargaining the more viable option. On September 15, 1999, the trial court denied Whatley's PCR without a hearing because Whatley had failed to attach any credible evidence to his petition in support of his argument. Whatley appealed from the trial court's ruling on October 25, 1999. This Court dismissed his untimely appeal for lack of jurisdiction. See State v. Whatley, 9th Dist. No. 19827.
 {¶ 4} On May 7, 2008, Whatley filed a "motion for re-sentencing" in the trial court based on the court's failure to advise him of post-release control. In his motion, Whatley requested that the court vacate both his sentence and his underlying plea. The trial court construed Whatley's motion as an untimely, deficient PCR, pursuant to R.C. 2953.23, and denied Whatley's motion.
 {¶ 5} Whatley now appeals from the trial court's order and raises three assignments of error for our review. For ease of analysis, we rearrange several of the assignments of error.
 II Assignment of Error Number Two "WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST TO WITHDRAW GUILTY PLEA, STATE V. SARKOZY, 117 OHIO ST. 3D 86; AND, STATE V. CLELAND (OHIO APP. 9 DIST. 2008), THEREIN IMPLICATING DUE PROCESS WHERE DEFENDANT HAD AVERRED THAT HAD HE KNOWN THAT POST[-]RELEASE CONTROL WOULD BE PART OF HIS SENTENCE HE WOULD NOT HAVE PLED GUILTY AND WOULD HAVE INSISTED ON A TRIAL." *Page 3 
 {¶ 6} In his second assignment of error, Whatley argues that the trial court erred in denying his "motion for re-sentencing" because a trial court's failure to advise a defendant of post-release control before accepting the defendant's plea invalidates the plea and requires that the plea be vacated. We disagree.
 {¶ 7} The Ohio Supreme Court has held that:
 "If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal." State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus.
The trial court's failure to advise the defendant of mandatory post-release control violates Crim. R. 11, regardless of any further showing of prejudice, and requires a reviewing court to vacate the plea and remand the matter upon the defendant's properly-framed request. Id. at paragraph two of the syllabus. The error "render[s] the plea agreement voidable at [a defendant's] option." (Emphasis added.)State v. Cleland, 9th Dist. No. 06CA0073-M, 2008-Ohio-1319, at ¶ 15.
 {¶ 8} The record reflects that Whatley filed a "motion for re-sentencing" to request that the court vacate both his plea and sentence. The trial court construed Whatley's entire motion as an untimely PCR petition and denied it for lack of jurisdiction. SeeState v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10 (finding that trial court must categorize motions that are not brought pursuant to a specific rule or statute based on their substantive content so as to "know the criteria by which the motion should be judged"). A portion of Whatley's motion, however, directly challenged the knowing and voluntary nature of his plea. The Ohio Rules of Criminal Procedure specifically provide defendants with a mechanism for raising post-sentence challenges to their pleas. See Crim. R. 32.1 (permitting defendant to file motion requesting that plea be set *Page 4 
aside to correct a manifest injustice). Courts may not construe post-sentence motions to withdraw guilty pleas as PCR petitions because the two exist independently. Bush at ¶ 14. As such, the trial court erred to the extent that it re-categorized Whatley's challenge to his plea as an untimely PCR petition. This error does not warrant reversal, however, because the trial court also relied upon the doctrine of res judicata to deny Whatley's challenge to his plea.
 {¶ 9} This Court has applied the doctrine of res judicata to post-sentence motions to withdraw a guilty plea. See State v. Zhao, 9th Dist. No. 03CA008386, 2004-Ohio-3245, at ¶ 8 (finding that res judicata barred appeal from trial court's denial of his second Crim. R. 32.1 post-sentence motion to withdraw plea when defendant failed to appeal from the trial court's denial of his first Crim. R. 32.1 motion);State v. Rexroad, 9th Dist. No. 22214, 2004-Ohio-6271, at ¶ 6-11
(reaching the same conclusion where defendant failed to directly appeal from his plea and sentence despite the court's alleged errors being apparent on the face of the record at the time of his conviction). "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." State v. Meek, 9th Dist. No. 03CA008315, 2004-Ohio-1981, at ¶ 9.
 {¶ 10} Whatley sought to challenge his plea for reasons unrelated to post-release control in his first untimely appeal filed on July 16, 1998. He sought to challenge his plea for additional unrelated reasons in his untimely PCR petition filed on August 26, 1999. Whatley never filed a Crim. R. 32.1 motion in the trial court seeking to withdraw his plea. Further, he fails to explain why he could not have litigated this challenge to his plea through either a motion to withdraw the plea or a timely direct appeal. See Sarkozy at paragraph one of the syllabus. The record reflects that, although the trial court failed to inform Whatley of post-release control when accepting his plea or during sentencing, the court included in its sentencing entry that Whatley was "ordered *Page 5 
subject to post-release control to the extent the parole board may determine as provided by law." Accordingly, the court's error to inform Whatley of post-release control was apparent on the face of the record. Whatley had the opportunity to challenge his plea in a properly-framed request and did not do so. Compare State v. Cook, 9th Dist. No. 24058,2008-Ohio-4841; State v. Cleland, 9th Dist. No. 06CA0073-M,2008-Ohio-1319 (both vacating sentences and plea agreements where the defendants challenged their pleas in both post-conviction motions to withdraw their pleas and in their direct appeals). The doctrine of res judicata bars his attempt to do so now. See Meek at ¶ 9. Whatley's second assignment of error is overruled.
 Assignment of Error Number One "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY DEPRIVING DEFENDANT DUE PROCESS OF LAW WHEN IT DENIED `WITHOUT HEARING' A PROPERLY FILED AND SUBSTANTIVELY SUPPORTED MOTION FOR RESENTENCING PURSUANT TO: STATE V. BEZAK, 868 N.E. 2D 961; AND, STATE V. SIMPKINS, SLIP OPINION NO. 2008-OHIO-1197, AS A PROCEEDING IN POST CONVICTION RELIEF PURSUANT TO: STATE V. PRICE (OHIO APP. 9 DIST.) NO. 99 CR 0185."
 {¶ 11} In his first assignment of error, Whatley argues that the trial court erred in denying his "motion for re-sentencing" and concluding that it did not have jurisdiction to afford him relief. We agree.
 {¶ 12} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Ohio Supreme Court held as follows:
 "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." (Emphasis added.) Bezak at syllabus.
Less than a year later, the Supreme Court decided State v.Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, in which it held that: *Page 6 
 "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." (Emphasis added.) Simpkins at syllabus.
Accordingly, the Supreme Court has recognized that both defendants and the State have the right to a new sentencing hearing upon a determination that the trial court failed to properly include post-release control in a defendant's sentence.
 {¶ 13} Despite the Supreme Court's mandate in Simpkins that trial courts have an obligation to correct void sentences, the trial court below employed this Court's decision in State v. Price, 9th Dist. No. 07CA0025, 2008-Ohio-1774, to deny Whatley's request for re-sentencing. In Price, this Court construed a defendant's captioned "motion for re-sentencing" as an untimely PCR petition and concluded that the trial court lacked jurisdiction to consider the petition because it failed to satisfy the untimely PCR requirements set forth in R.C. 2953.23(A)(1).Price at ¶ 6-7. Price relied upon the law set forth in Bush, which instructs a court to categorize a motion "not filed pursuant to a specific rule of criminal procedure." Id. at ¶ 4, quoting Bush at ¶ 10.Price, however, does not stand for the proposition that a defendant's post-sentence motion to withdraw a plea always must be construed as an untimely PCR petition.
 {¶ 14} Price filed his "motion for re-sentencing" after having pursued both an unsuccessful direct appeal and a delayed PCR petition.Price at ¶ 2. Accordingly, this Court categorized Price's motion as an untimely PCR petition because both the procedural posture of his motion and the substantive relief he requested therein brought his motion within R.C. 2953.23's framework. See State v. Reynolds (1997),79 Ohio St.3d 158, syllabus ("Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been *Page 7 
violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."). See, also, State v. Kolvek, 9th Dist. Nos. 22966 22967, 2006-Ohio-3113, at ¶ 4-8 (categorizing a "motion for resentencing" as an untimely PCR petition). Unlike Price, Whatley never had a direct appeal. R.C. 2953.21 only applies if a criminal defendant seeks to vacate his sentence subsequent to his direct appeal.Reynolds at syllabus. Consequently, the trial court erred in categorizing Whatley's motion for re-sentencing as an untimely PCR petition based on Price.
 {¶ 15} Crim. R. 57(B) provides as follows:
 "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
Our review of the record in this instance convinces us that the criminal rules do not specifically prescribe a procedure through which Whatley would be able to challenge his sentence. The time for a direct appeal has long since passed, and Whatley's failure to seek a direct appeal now prevents him from seeking an untimely PCR petition as well. As such, we turn to the rules of civil procedure for guidance. See Crim. R. 57(B).
 {¶ 16} Civ. R. 60(B) permits a court to relieve a party from a final judgment on various grounds and for "any other reason justifying relief from the judgment." Civ. R. 60(B)(5). While a Civ. R. 60(B)(5) motion may not be used as a substitute for a direct appeal, it is an appropriate mechanism for relief when substantial grounds for vacating a judgment exist. See Indymac Bank, F.S.B. v. Starcher, 9th Dist. No. 24194,2008-Ohio-4079, at ¶ 13. In Simpkins, the Supreme Court held that a trial court's failure to impose a nondiscretionary sanction does not constitute a "mere error[] that render[s] a sentence voidable rather than void." Simpkins at ¶ 21. The sentence is an unlawful one that"must be vacated." (Emphasis added.) Id. at ¶ 22. Unlike a voidable sentence, such a void sentence "is a mere nullity and the parties are in the same position *Page 8 
as if there had been no [sentence]." Bezak at ¶ 12, quoting Romito v.Maxwell (1967), 10 Ohio St.2d 266, 267-68. Besides having the jurisdiction to correct such an error, a trial court "has an obligation to do so when its error is apparent." Simpkins at ¶ 23. Consequently, we must conclude that the trial court's failure to advise Whatley of mandatory post-release control constitutes a reason justifying relief pursuant to Civ. R. 60(B)(5). See State v. Black, 1st Dist. No. C-070546,2008-Ohio-3790, at ¶ 6-11.
 {¶ 17} The trial court below erred in applying Price and concluding that it lacked jurisdiction to hear Whatley's motion. The court should have construed Whatley's motion as a Civ. R. 60(B)(5) motion and addressed the motion on its merits. Compare State v. Schlee,117 Ohio St.3d 153, 2008-Ohio-545 (recasting defendant's Civ. R. 60(B) motion seeking to vacate his sentence as an untimely PCR petition where defendant brought the motion subsequent to a direct appeal). The record reflects that Whatley was never advised of post-release control at the time of his sentencing. Although he failed to remedy the trial court's error through a timely-filed direct appeal, "[w]e would achieve neither fairness nor justice by permitting [his] void sentence to stand."Simpkins at ¶ 25. Accordingly, Whatley's first assignment of error is sustained. On remand, the trial court must hold a new sentencing hearing, re-sentence Whatley, and properly include his post-release control in his sentence. See Bezak at ¶ 17.
 Assignment of Error Number Three "WHETHER THE TRIAL COURT IS DIVEST OF JURISDICTION TO IMPOSE ANY SENTENCE IN LIGHT OF THE PROTRACTED AND UNREASONABLE DELAY IN IMPOSING SENTENCE." (Sic.)
 {¶ 18} In his third assignment of error, Whatley argues that upon remand the trial court must order his immediate discharge from prison because the trial court lacks jurisdiction to impose another sentence upon him. Specifically, he argues that an eleven year delay in re-sentencing *Page 9 
is unreasonable, so any determination that his sentence is void must result in his immediate release from custody instead of his re-sentencing. Although "[a] trial court's jurisdiction over a criminal case is limited after it renders judgment, * * * it retains jurisdiction to correct a void sentence and is authorized to do so."Simpkins at ¶ 23. Thus, the trial court has jurisdiction to re-sentence Whatley. We also discern no unfair surprise or prejudice as a result of the delay in his re-sentencing. The trial court's failure to properly advise Whatley of post-release control was apparent on the face of the record from the time of his initial sentencing. "Given that the sentence was issued without the authority of law and that [Whatley] was represented by counsel, * * * [Whatley] did not have a legitimate expectation of finality in his sentence[.]" Simpkins at ¶ 37. Whatley's argument that the court must discharge him upon remand lacks merit. His third assignment of error is overruled.
 III {¶ 19} Whatley's first assignment of error is sustained and his sentence is hereby vacated. Whatley's second and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded for re-sentencing consistent with the foregoing opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 10 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
MOORE, J. CONCURS.
 CARR, P. J. CONCURS IN JUDGMENT ONLY. *Page 1