OPINION *Page 2 
{¶ 1} Defendant-Appellant, Ricky Driskill, appeals the judgment of the Mercer County Court of Common Pleas denying his motion to withdraw his guilty plea and motion to declare his sentence void and for resentencing in consolidated cases numbered 10-08-10 and 10-08-11. On appeal, Driskill contends that, pursuant to State v. Sarkozy, 117 Ohio St.3d 86,2008-Ohio-509, he should be permitted to withdraw his pleas and his sentence should be declared void because he was not advised at his change of plea hearing that he was subject to a mandatory five-year term of postrelease control. Finding that Driskill's arguments are barred by res judicata, we affirm the judgment of the trial court.
 {¶ 2} In May 2005, in case 10-08-10[1], the Mercer County Grand Jury indicted Driskill on two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the first degree, and one count of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. The indictment stemmed from a May 2005 incident during which Driskill consumed large amounts of illegal drugs; drove his vehicle and struck another vehicle, injuring its occupants; stole the truck of an emergency responder to the accident; drove the truck into a river; and, brandished a knife at the police officers who were attempting to apprehend him. *Page 3 
 {¶ 3} In August 2005, Driskill entered a plea of not guilty by reason of insanity and a plea of not guilty as to each count in case 10-08-10.
 {¶ 4} In July 2006, in case 10-08-11[2], the Mercer County Grand Jury indicted Driskill on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a); (B)(1)(a), a felony of the second degree, and one count of vehicular assault in violation of R.C. 2903.08(A)(2)(b); (C)(2), a felony of the third degree. The indictment stemmed from the same May 2005 incident.
 {¶ 5} In August 2006, Driskill entered into plea agreements with the State in both case 10-08-10 and 10-08-11. Under the agreements, Driskill agreed to withdraw his prior pleas of not guilty and not guilty by reason of insanity and to enter pleas of guilty to one count of felonious assault and one count of theft of a motor vehicle, and the State agreed to request a nolle prosequi on the remaining count of felonious assault. Additionally, Driskill agreed to plead no contest to the vehicular assault count, and the State agreed to request a nolle prosequi on the aggravated vehicular assault count. Both plea agreements signed by Driskill provided, in pertinent part:
 POST RELEASE CONTROL. In addition, a period of supervision by the Adult Parole Authority after release from prison may be mandatory in this case. If I am sentenced to prison for a felony 1 or felony sex offense, after my prison release I will have a mandatory 5 years of post release control under conditions determined by the Parole Board. If I am *Page 4 
 sentenced to prison for a felony 2 or 3 which involved causing or threatening physical harm, I will have mandatory post release control of 3 years. If I receive prison for any other felony 3, felony 4, or felony 5, I may be given up to 3 years of post release control. A violation of any post-release control rule or condition can result in a more restrictive sanction while I am under post release control, AND/OR increased duration of supervision or control, up to the maximum term, OR re-imprisonment even though I have served the entire state prison term imposed upon me by this Court for all offenses. If I violate conditions of supervision while under post release control, the Parole Board could return me to prison for up to nine months for each new violation, for a total of ½ of my originally stated prison term. If the violation is a new felony, I could receive a prison term of the greater of one year or the time remaining on post release control, in addition to any other prison term imposed for the offense.
(Aug. 2006 Plea Agreements, p. 3).
 {¶ 6} Subsequently, the trial court held a plea hearing, during which Driskill executed a "Waiver of Constitutional Rights Prior to Entering a Plea of Guilty" in each case, which included notifications that, if he was sentenced for a first or second degree felony, he would be subject to a period of postrelease control pursuant to R.C. 2967.28. Driskill acknowledged to the trial court that he had read and understood both the plea agreement and the waiver of constitutional rights. The trial court then conducted a Crim. R. 11 colloquy with Driskill, accepted his pleas, and found him guilty of one count of felonious assault, one count of theft of a motor vehicle, and one count of vehicular assault. The transcript of the hearing reflects that the trial judge did not orally address the issue of postrelease control. *Page 5 
 {¶ 7} On October 13, 2006, the trial court held a sentencing hearing for both cases. Shortly thereafter, on October 19, 2005, the trial court conducted a "Pronouncement of Sentence." In case 10-08-10, the trial court sentenced Driskill to a four-year prison term on the felonious assault conviction and to a sixteen-month prison term on the theft of a motor vehicle conviction, to be served consecutively to each other and to his sentence in case 10-08-11. In case 10-08-11, the trial court sentenced him to a two-year prison term for vehicular assault. At the pronouncement of sentence, the trial court orally informed Driskill of the following:
 I need to advise you that when you complete your prison sentences for these offenses, the total of which would be seven years and four months, you are — you will be subject to what's called post-release control for a term of up to five years. And during that period of time, you will be subject to supervision if placed on post-release control by the Adult Parole Authority. And if you violate those conditions, the law requires me to notify you at this time that you are subject to being re-incarcerated for a term of up to one-half of the total prison terms hereby imposed in these two cases, so that would be a total of three years and eight months.
(Oct. 2006 Pronouncement of Sentence, p. 7). Additionally, the trial court filed judgment entries of sentence in both cases, providing that Driskill "may" be required to serve a term of postrelease control. Shortly thereafter, Driskill appealed his conviction and sentence in both cases, each of which this Court dismissed in April 2007 for want of prosecution. *Page 6 
 2006 Postconviction Petitions {¶ 8} In December 2006, Driskill filed petitions for postconviction relief in both case 10-08-10 and 10-08-11, seeking to vacate his plea on the basis that his trial counsel was ineffective for failing to convey to him the chances of receiving jail time; for promising him probation; and, for failing to raise possible defenses. Additionally, Driskill requested an oral hearing.
 {¶ 9} In March 2007, the trial court denied both petitions for postconviction relief as well as the request for an oral hearing, which Driskill appealed.
 {¶ 10} In March 2008, this Court affirmed the trial court's overruling of Driskill's petitions for postconviction relief in State v.Driskill, 3d Dist. Nos. 10-07-03, 10-07-04, 2008-Ohio-827.
 Motion to Withdraw Guilty Plea/ Motion for Resentencing {¶ 11} In May 2008, Driskill filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1 and a motion to declare his sentence void and for resentencing in both cases 10-08-10 and 10-08-11. The basis for both motions was that the trial court did not orally inform him prior to entering his pleas that he would be subject to a mandatory term of postrelease control.
 {¶ 12} In September 2008, the trial court found that Driskill's motion to withdraw his guilty plea and his motion to declare his sentence void were untimely *Page 7 
motions for postconviction relief under R.C. 2953.21, divesting it of jurisdiction to consider them. Additionally, the trial court found that, even if it had jurisdiction to consider the motions, Driskill's argument was barred by res judicata because he failed to object on that issue at sentencing or on appeal. Finally, the trial court found that Driskill was informed of postrelease control in the written negotiated plea agreement he signed.
 {¶ 13} It is from the trial court's denial of his motion to withdraw his guilty plea and motion to declare his sentence void that Driskill appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW THE PLEA AND MOTION TO DECLARE HIS SENTENCE NULL AND VOID[.]
 {¶ 14} In his sole assignment of error, Driskill contends that the trial court abused its discretion when it denied his motion to withdraw his plea and his motion to declare his sentence void. Specifically, Driskill argues that State v. Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, requires that his sentence be declared void, and that the trial court should not have construed his motion to withdraw his plea as a postconviction relief petition because it was filed pursuant to Crim. R. 32.1. *Page 8 
 {¶ 15} As Driskill's argument is two-fold, we will discuss his motion to declare his sentence void and his motion to withdraw his plea separately, preceded by an overview of Crim. R. 11 requirements and recent Ohio Supreme Court cases.
 Crim. R. 11, State v. Sarkozy, and State v. Boswell {¶ 16} Crim. R. 11 governs entry of pleas and is designed to ensure that pleas are entered knowingly, intelligently, and voluntarily. Crim. R. 11(C); State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Specifically, Crim. R. 11(C) provides:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(Emphasis added).
 {¶ 17} Generally, where a defendant asserts that his plea was not entered voluntarily and knowingly because he was not adequately advised of his Crim. R. 11 non-constitutional rights, a court will not invalidate the plea unless the defendant suffered prejudice. State v. Nero (1990),56 Ohio St.3d 106, 108. The test for whether a defendant suffered prejudice is "whether the plea would have otherwise been made." Id. Under this "substantial compliance" analysis, courts *Page 9 
are directed to "review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, ¶ 12.
 {¶ 18} The Supreme Court of Ohio recently discussed the requirements of Crim. R. 11(C)(2)(a) and the substantial compliance analysis inSarkozy, supra. In Sarkozy, a defendant entered guilty pleas to several offenses. Prior to accepting his pleas, the trial court orally advised him of the prison terms involved with the relevant offenses. However, the trial court did not orally inform him that he would be subject to postrelease control, of the duration of the postrelease control, or of the consequences he would face upon violating postrelease control. After entering his pleas, but prior to sentencing, Sarkozy made a pro se oral motion to withdraw his guilty plea pursuant to Crim. R. 32.1, challenging his attorney's performance. The trial court denied the motion and Sarkozy directly appealed his conviction and sentence, arguing that his plea was invalid because the trial court did not inform him that postrelease control would be part of his sentence. The appellate court rejected this argument and affirmed his convictions, but remanded for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Thereafter, the Supreme Court accepted a discretionary appeal and vacated Sarkozy's plea, holding that:
 1. If a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of *Page 10 postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal.
 2. If the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim. R. 11, and the reviewing court must vacate the plea and remand the cause.
Sarkozy, 2008-Ohio-509, at paragraphs one and two of the syllabus. Additionally, the Supreme Court differentiated the situation inSarkozy from other situations implicating a substantial compliance analysis. The Court held that, where the trial court completely failed to even mention postrelease control during the plea colloquy, substantial compliance could not be accomplished, as "[a] complete failure to comply with [Crim. R. 11] does not implicate an analysis of prejudice." Id. at ¶ 22. But, see, Id. at ¶¶ 27-30 (Lanzinger, J., and Cupp, J., concurring in part and dissenting in part) (finding that the traditional test under Nero, 56 Ohio St.3d at 108, requiring the defendant to demonstrate prejudice should apply in these circumstances).
 {¶ 19} Additionally, the Supreme Court very recently addressed Crim. R. 32.1 and a trial court's failure to address postrelease control inState v. Boswell, ___ Ohio St.3d ___, 2009-Ohio-1577. InBoswell, a defendant pleaded guilty to offenses requiring a mandatory term of postrelease control. At the plea hearing, the trial court advised Boswell that he may be subject to postrelease control; *Page 11 
however, the trial court did not explain postrelease control. Additionally, the sentencing entry did not impose postrelease control. Five years after his conviction and sentencing, Boswell filed a motion to vacate his plea on the basis that the trial court had not informed him of postrelease control during the plea hearing, which the trial court granted and appeals court affirmed. Thereafter, the Supreme Court accepted a discretionary appeal from the State, affirming the lower courts' decisions. The Supreme Court found that, because Boswell's sentence failed to impose the mandatory term of postrelease control required by statute, it was void. Id. at ¶¶ 8, 13. The Court then concluded that, because the sentence was void, it must be vacated, and required Boswell's motion to be treated as a presentence motion to withdraw his guilty plea. Id. at ¶ 10. Notably, the Court declined to address whether Boswell's motion was barred by res judicata, as the State failed to raise that issue in any proposition of law. Id. at ¶ 10. In conclusion, the trial court held "pursuant to Crim. R. 32.1, that a defendant's motion to withdraw a guilty plea following the imposition of a void sentence must be considered as a presentence motion and be freely and liberally granted." Id. at ¶ 13.
 Motion to Declare Sentence Void {¶ 20} First, we address Driskill's argument that his sentence should be declared void because he was not advised at his plea hearing that he would be *Page 12 
subject to mandatory postrelease control. Driskill contends that, pursuant to State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, andState v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, his sentence is void because postrelease control was mandatory for his offenses, but was not properly included in his sentence. Additionally, Driskill citesSimpkins, supra, and State v. Whatley, 9th Dist. No. 24231,2008-Ohio-6128, ¶ 17, for the proposition that res judicata should not bar his motion to declare his sentence void because a void sentence should not stand.
 {¶ 21} Initially, we note that Driskill's motion to declare his sentence void was not filed pursuant to a specific rule of criminal procedure. The Supreme Court of Ohio has held that, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304, syllabus, holding limited by State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10
(holding that Reynolds applies only to a motion that fails to specifically delineate whether it is filed pursuant to Crim. R. 32.1 or the postconviction relief statute). Accordingly, we find that the trial court appropriately categorized Driskill's motion as a petition for postconviction relief. *Page 13 
 {¶ 22} An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard.State v. Jones, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 16, citingState v. Campbell, 10th Dist. No. 03-AP-147, 2003-Ohio-6305; State v.Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably.State v. Nagle, 11th Dist. No. 99-L-089, 2000 WL 777835, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 23} R.C. 2953.21, Ohio's postconviction relief statute, provides "`a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution.'" State v. Scott-Hoover, 3d Dist. No. 3-04-11,2004-Ohio-4804, ¶ 10, quoting State v. Yarbrough, 3d Dist. No. 17-2000-10, 2001-Ohio-2351. Thus, a petitioner must establish that there has been a denial or infringement of his constitutional rights in order to prevail on a petition for postconviction relief.Scott-Hoover, 2004-Ohio-4804, at ¶ 10; R.C. 2953.21(A)(1). Additionally, untimely and successive postconviction petitions are prohibited by R.C. 2953.23(A) unless certain exceptions apply. State v. Keith,176 Ohio App.3d 260, 2008-Ohio-741, ¶ 25. Finally, "[u]nder the *Page 14 
doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus. The Supreme Court of Ohio has held that the doctrine of res judicata bars a defendant from raising any defenses or constitutional claims in a petition for postconviction relief under R.C. 2953.21 that were raised or could have been raised on direct appeal. Jones, 2007-Ohio-5624, at ¶ 19, citing State v.Perry (1967), 10 Ohio St.2d 175, 180; see, also, State v. Deal, 3d Dist. No. 5-08-15, 2008-Ohio-5408, ¶ 8.
 {¶ 24} R.C. 2929.14(F)(1) governs prison terms and provides that, if a court imposes a prison term for a felony, the sentence shall include a requirement that the offender be subject to a period of postrelease control after the offender's release from imprisonment. Additionally, R.C. 2929.19(B)(3) requires that the sentencing court notify the offender that the offender will be supervised under R.C. 2967.28 after the offender leaves prison. The Supreme Court of Ohio has interpreted these statutes as requiring a trial court to give notice of postrelease control both at the sentencing hearing and by incorporating it into the sentencing entry. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph one of the syllabus; see, also, State v. Watt,175 Ohio App.3d 613, 2008-Ohio-1009, ¶ 11. *Page 15 
Where the trial court fails to do both, it fails to comply with R.C. 2929.19(B)(3)(c) and (d), requiring the sentence to be vacated and the matter remanded for resentencing. Id.
 {¶ 25} Several years after deciding Jordan, the Supreme Court of Ohio clarified its decision in Bezak, holding that:
 [w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense.
2007-Ohio-3250, at syllabus. Similarly, in Simpkins, the Supreme Court held that:
 [i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence.
2008-Ohio-1197, at ¶ 6.
 {¶ 26} In Bezak, the defendant was convicted of offenses requiring postrelease control, which was properly included in the judgment entry of sentence; however, the defendant was not orally advised of such at the sentencing hearing. Similarly, in Simpkins and Boswell, supra, the defendants were convicted of offenses requiring mandatory postrelease control; however, the journal entries of sentencing did not indicate that the defendants were subject to postrelease control. InWhatley, the defendant was convicted of offenses requiring mandatory *Page 16 
postrelease control but was not orally advised of such at the time of his sentencing.
These scenarios differ from Driskill's situation, where, although Driskill was not orally notified at his plea hearing that he would be subject to postrelease control, he was orally notified of such at the pronouncement of sentence, and postrelease control was properly included in the judgment entry of sentence. Therefore, unlike Bezak, Simpkins,Boswell, and Whatley, Driskill's sentence was not void. Additionally, as this error was apparent on the face of the record, Driskill could have raised these issues on direct appeal or in a timely petition for postconviction relief. See Szefcyk, supra, Deal, supra. Accordingly, the trial court did not abuse its discretion in finding that Driskill's argument in regard to his sentence was barred by res judicata.
 Motion to Withdraw Guilty Plea {¶ 27} Driskill next argues that the trial court should not have construed his Crim. R. 32.1 motion to withdraw his plea as a petition for postconviction relief pursuant to R.C. 2953.21, and that the trial court should have allowed him to withdraw his plea in light ofSarkozy, supra.
 {¶ 28} Appellate review of the trial court's denial of a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725, citingState v. Smith (1977), 49 Ohio St.2d 261. An abuse of discretion connotes more than an error of law or judgment *Page 17 
and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Nagle, supra, citing Blakemore, 5 Ohio St.3d at 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 29} Crim. R. 32.1 governs withdrawal of guilty and no contest pleas and provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 {¶ 30} Initially, we note that, as discussed above, Driskill's sentence was not void because postrelease control was properly included in his sentence. Thus, the holding of Boswell that a motion to withdraw a guilty plea be considered as a presentence motion where the defendant's sentence is void does not apply here. Accordingly, we consider Driskill's motion as a post-sentence motion.
 {¶ 31} The party moving to withdraw his plea of guilty post-sentence bears the burden of establishing a manifest injustice. Smith,49 Ohio St.2d 261, at paragraph one of the syllabus. A manifest injustice is an exceptional defect in the plea proceedings, State v. Vogelsong, 3d Dist. No. 5-06-60, 2007-Ohio-4935, ¶ 12, or a "`clear or openly unjust act.'"State v. Walling, 3d Dist. No. 17-04-12, 2005-Ohio-428, ¶ 6, quotingState ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 208, *Page 18 1998-Ohio-271. Accordingly, a post-sentence motion to withdraw a guilty plea is only granted in "extraordinary cases." Smith,49 Ohio St.2d at 264.
 {¶ 32} The Supreme Court of Ohio has held that a trial court may not categorize or construe a Crim. R. 32.1 post-sentence motion to withdraw a guilty plea as a petition for postconviction relief pursuant to R.C. 2953.21 because these motions exist independently. State v. Brown, 3d Dist. No. 14-08-11, 2008-Ohio-4649, ¶ 25, citing Bush, 2002-Ohio-3993, at ¶ 14. See, also, Whatley, 2008-Ohio-6128, at ¶ 8. Additionally, this Court has previously held that a trial court has no jurisdiction to consider a Crim. R. 32.1 motion to withdraw a guilty plea after the judgment of conviction has been affirmed by an appellate court.State v. Bright, 3d Dist. No. 9-07-51, 2008-Ohio-1341, ¶ 11, citingState ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97-98.
 {¶ 33} Here, under Bush, the trial court erred when it categorized Driskill's motion to withdraw his plea as a petition for postconviction relief. As his motion was specifically filed pursuant to Crim. R. 32.1, the trial court should have considered it as a post-sentence motion to withdraw a guilty plea. However, this error alone does not warrant reversal, as untimeliness under R.C. 2953.21 was only one basis for the trial court's denial of the motion. See, Brown, 2008-Ohio-4649, at ¶ 26 (finding that a "judgment by the trial court which is correct, but for a *Page 19 
different reason, will be affirmed on appeal as there is no prejudice to the appellant").
 {¶ 34} The trial court also denied Driskill's motion on the basis that his argument was barred by res judicata because he failed to object to the issue at sentencing. As discussed above, res judicata operates to prohibit a defendant from raising issues in another proceeding when those issues were raised or could have been raised on direct appeal of the trial court's judgment. Deal, 2008-Ohio-5408, at ¶ 8, citingPerry, 10 Ohio St.2d 175, at paragraph nine of the syllabus. Additionally, "[r]es judicata bars claims raised in a Crim. R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding." State v. Sanchez, 3d Dist. No. 4-06-31, 2007-Ohio-218, ¶ 18; see, also, Whatley, 2008-Ohio-6128, at ¶ 9.
 {¶ 35} Here, the trial court's error in failing to orally notify Driskill of postrelease control at his plea hearing was apparent on the face of the record as the trial court notified Driskill of postrelease control at the pronouncement of sentence and in the judgment entry of sentencing. Thus, Driskill could have raised on appeal the trial court's failure to orally notify him of postrelease control at his plea hearing. Further, Driskill could have raised this issue in his 2006 petitions for postconviction relief, in which he sought withdrawal of his plea due to ineffective *Page 20 
assistance of counsel. Accordingly, the trial court did not err in denying Driskill's motion to withdraw his plea, as it was barred by res judicata.
 {¶ 36} Finally, we note that, even if Driskill's argument was not barred by res judicata, we would distinguish this case from the facts presented in Sarkozy. First, in Sarkozy, the defendant sought to withdraw his plea in a pro se oral motion prior to sentencing and in his direct appeal. Here, Driskill did not seek to withdraw his plea prior to sentencing or in his direct appeal. Additionally, in Sarkozy, there was no evidence that the defendant was advised of postrelease control via a signed, written plea agreement and a signed, written waiver of constitutional rights prior to entering his plea. Here, as Driskill signed both a written plea agreement and waiver of constitutional rights that notified him he would be subject to postrelease control, he had actual notice of such. Cf. State v. Abuhashish, 6th Dist. No. WD-07-048,2008-Ohio-3849, ¶¶ 35-36 (finding that trial court substantially complied with Crim. R. 11 when, although the trial court did not expressly outline the maximum penalties defendant faced, the written plea agreement was correct and trial court questioned defendant as to whether he understood the terms of the agreement); State v. Aleshire, 5th Dist. No. 2007-CA-1,2008-Ohio-5688.
 {¶ 37} Accordingly, we overrule Driskill's assignment of error. *Page 21 
 {¶ 38} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 PRESTON, P.J. and WILLAMOWSKI, J., concur.
[1] We note that case 10-08-10 corresponds to Mercer County Common Pleas Court case 2005 CRM 067.
[2] We note that case 10-08-11 corresponds to Mercer County Common Pleas Court case 2006 CRM 097. *Page 1